GUTIÉRREZ, PLAINTIFF, APPELLEE AND APPELLANT, v. HEIRS OF GUTIÉRREZ ET AL., DEFENDANTS, APPELLANTS AND APPELLEES.

APPEAL from the District Court of San Juan in an Action of Debt.

No. 2204.—Decided January 18, 1921.

SUMMONS—SERVICE—COMPLAINT—JURISDICTION.—The fact that the title of the complaint was not amended so as to include the names of the acknowledged natural children whom the court ordered to be summoned as necessary parties at the instance of the plaintiff and before judgment was entered, is not a sufficient ground for setting aside the default judgment entered against the said natural children, for service of the summons having been made upon them personally, together with a copy of the complaint directed against the succession of which they were members, the omission of their names from the said complaint, although an error, could not have the effect of deceiving them or prejudicing their rights, nor is it a sufficient reason for holding that the court acted without jurisdiction.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for the plaintiff-appellant.

*Messrs. Guerra & Soldevila* for the defendant-appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Dolores Gutiérrez del Arroyo brought an action of debt and for the rectification of a contract against the "heirs of Rafael Gutiérrez del Arroyo, represented by his executrix, Isabel Mimoso y Dueño, and Francisco Robledo." Isabel Mimoso, as the legal representative of the heirs, and Robledo were summoned. The defendants summoned answered the complaint and after the case had been submitted to the court for judgment the plaintiff filed a motion in the court alleging that Rafael Gutiérrez del Arroyo had died leaving a will by which he named his wife, Isabel Mimoso, as his executrix and designated his six legitimate minor children and three natural children as his heirs; that owing to a mistake the said natural children, who are necessary parties to the action, were not summoned and for that reason she asked the court to defer the rendition of judgment and order that they be summoned. The court sustained the motion.

The natural children were summoned and failed to ap-

pear. The plaintiff moved that their default be entered and after this was done the court gave judgment against the defendants. The judgment was appealed from and the notice of appeal was signed by the attorney who theretofore had represented Isabel Mimoso in the capacity in which she had been summoned. The appeal was dismissed.

At this stage of the case the natural children came in and moved the district court to set aside the judgment because it was entered against them without jurisdiction. The district court so held and from that ruling the present appeal was taken by plaintiff Dolores Gutiérrez del Arroyo.

The natural children admit that they were summoned personally and that if the summons had been accompanied by a copy of an amended complaint containing their names, the jurisdiction of the court would have been complete and the judgment valid.

The summons served on the natural children was accompanied by a copy of the original complaint. Although the court sustained the motion to summon the said children, the plaintiff did not amend the complaint so as to include their names in the title of the action. The plaintiff maintains that this was not necessary because the title as it stood included the natural children and that in any event the omission would be a mere irregularity, for the said children knew from the body of the complaint that they were defendants and in what capacity, the action being against the heirs of Rafael Gutiérrez del Arroyo and it being alleged in the eighteenth count of the complaint that Rafael Gutiérrez del Arroyo had died leaving a will wherein he had designated as his heirs his legitimate children and his three natural children.

Both parties have argued this case fully and cited ample jurisprudence in support of their respective contentions.

In our judgment the complaint should have been amended by including in the title the names of the defendants asked

to be summoned and a copy of this amended complaint should have been served with the summons, or the summons served on the natural children should have been accompanied by a copy of the order of the court sustaining the motion that they be summoned as necessary parties to the action. But the error committed does not deprive the court of jurisdiction, inasmuch as the defendants were summoned personally and in view of the fact that it clearly appears from the body of the original complaint that the action was against the heirs and that the natural children were such heirs, for which reason they could not have been deceived or prejudiced in their rights. This being so, the judgment should not have been set aside.

The order of January 2, 1920, must be reversed and the case reinstated to the same condition in which it was before the said order was entered.

*Reversed.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice Aldrey took no part in the decision of this case.